IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| SHEILA HOWINGTON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No.: 3:17-cv-00167-TCB-RGV |
| | : | |
| TROUP COUNTY, TROUP COUNTY HOGANSVILLE SENIOR CENTER, and DAN WOOTEN, | : : : | |
| | : | |
| Defendants. | : | |

## ANSWER OF DEFENDANTS

COME NOW Troup County, "Troup County Hogansville Senior Center," and Dan Wooten, Defendants herein, and file their Answer to Plaintiff's Complaint, respectfully showing the Court the following:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendants deny generally that Plaintiff has been subjected to the deprivation of any rights, privileges, or immunities of the Constitution or laws of the United States or the State of Georgia.

### THIRD DEFENSE

Defendants enjoy sovereign immunity, governmental immunity, qualified immunity, official immunity, and any other immunities provided them by federal and/or state law.

### FOURTH DEFENSE

"Troup County Hogansville Senior Center" is not a legal entity capable of being sued.

**FIFTH DEFENSE**

Defendants are not subject to punitive damages.

**SIXTH DEFENSE**

In answer to the separately enumerated paragraphs of Plaintiff's Complaint, Defendants respond as follows:

**Jurisdiction and Venue**

1.

Admitted that this Court has jurisdiction over the Complaint as pled.

2.

Admitted that venue is proper but denied that any "unlawful conduct" occurred.

3.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 3 and, therefore, can neither admit nor deny the same. The second sentence of paragraph 3 is admitted.

4.

Admitted.

5.

Admitted.

6.

Denied as pled.

**Factual Allegations**

7.

Admitted.

8.

Admitted.

9.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's "'dream job,'" and, therefore, can neither admit nor deny the same. The remainder of paragraph 3 is admitted.

10.

Admitted.

11.

Denied.

12.

Denied.

13.

Denied.

14.

The first sentence of paragraph 14 is denied. The second sentence of paragraph 14 is denied as pled.

15.

Denied.

16.

Denied.

17.

Denied as pled.

18.

Denied.

19.

Denied.

20.

Admitted that Don Howell was the Director of the Troup County Parks and Recreation Commission.  The remainder of paragraph 20 is denied.

21.

Denied.

22.

Denied.

23.

Denied.

24.

Denied.

25.

Denied.

26.

The first sentence of paragraph 26 is denied.  The second sentence of paragraph 26 is denied as pled.  The third sentence of paragraph 26 is denied as pled.

27.

Denied.

28.

Denied.

## Governmental and Decision Maker Liability

29.

Denied.

30.

Denied as pled.  In further response, Defendants state that the allegations in paragraph 30 are vague, confusing, and incomprehensible.

31.

Denied as pled.

32.

Denied as pled.

33.

Admitted that sexual harassment and creating a sexually hostile work environment violate the United States Constitution; denied that Plaintiff experienced any sexual harassment or a sexually hostile work environment.

34.

Denied as pled.

## Count I

35.

Defendants incorporate their responses to the preceding paragraphs as if fully restated herein.

36.

Admitted that Plaintiff has those rights, privileges, or immunities guaranteed by the Constitution or laws of the United States or the State of Georgia.

37.

Denied.

38.

Denied.

39.

Denied.

40.

Denied.

41.

Denied.

42.

Denied as pled.

43.

Denied.

44.

Denied.

45.

Denied.

**Count Two**

46.

Defendants incorporate their responses to the preceding paragraphs as if fully restated herein.

47.

Admitted that Plaintiff has those rights, privileges, or immunities guaranteed by the Constitution or laws of the United States or the State of Georgia.

48.

Denied.

49.

Denied.

50.

Denied.

51.

Denied.

52.

Denied as pled.

53.

Denied as pled.  Defendants admit that one of Mr. Wooten's employment duties was to supervise Plaintiff.  Defendants specifically deny that any of Mr. Wooten's alleged actions or inactions renders any Defendant liable to Plaintiff.

54.

Denied as pled.

…

55.

Denied.

### Count Three

56.

Defendants incorporate their responses to the preceding paragraphs as if fully restated herein.

57.

Denied.

58.

Denied.

59.

Denied.

60.

Denied.

61.

Denied.

### Count Four

62.

Defendants incorporate their responses to the preceding paragraphs as if fully restated herein.

63.

Denied.

64.

Denied.

## Count Five

65.

Defendants incorporate their responses to the preceding paragraphs as if fully restated herein.

66.

Admitted that O.C.G.A. § 34-2-10(a) has been properly quoted; denied that Plaintiff quoted the entirety of O.C.G.A. § 34-2-10.

67.

Denied.

## Count Six

68.

Defendants incorporate their responses to the preceding paragraphs as if fully restated herein.

69.

Denied.

70.

Denied.

## Count Seven

71.

Defendants incorporate their responses to the preceding paragraphs as if fully restated herein.

72.

Denied.

73.

Denied.

## Count Eight

74.

Defendants incorporate their responses to the preceding paragraphs as if fully restated herein.

75.

Denied.

## Count Nine

76.

Defendants incorporate their responses to the preceding paragraphs as if fully restated herein.

77.

Denied.

Any allegations of Plaintiff's Complaint not herein admitted or not responded to for lack of knowledge or information sufficient to form a belief as to the truth thereof, are hereby denied.

WHEREFORE, having fully answered, Defendants pray as follows:

a)   That Plaintiff's Complaint be dismissed against them.

b)   That Judgment be entered in favor of Defendants for all costs of this action, including reasonable attorney's fees.

c)   That Defendants have trial by jury as to any factual issues.

d)  That Defendants have such other and further relief as the Court deems appropriate under the circumstances of this case.

Respectfully submitted this 18th day of December, 2017.

>  */s/Frances L. Clay*
>  Frances L. Clay
>  Chambless, Higdon, Richardson,
>  Katz & Griggs, LLP
>  P.O. Box 18086
>  Macon, GA 31209-8086
>  Phone:  478/745-1181
>  Fax:     478/746-9479
>  E-mail:  fclay@chrkglaw.com
>  Georgia Bar No. 129613
>
>  **Attorney for Defendants**

## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2017, I electronically filed the foregoing pleading with the Clerk of the Court using CM/ECF system, which will automatically send notice to the following CM/ECF participant: howie@slomkalawfirm.com.

This 18th day of December, 2017.

>   */s/ Frances L. Clay*
>   Frances L. Clay