# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# NEWNAN DIVISION

| | |
|---|---|
| SHEILA HOWINGTON ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 2017-00167-TCB |
| TROUP COUNY, and ) | |
| DAN WOOTEN. ) | JURY TRIAL DEMANDED |
| ) | |
| *Defendants*. ) | |
| ) | |
| ) | |

## FIRST AMENDED COMPLAINT

COMES NOW the Plaintiff, SHEILA HOWINGTON, who files this her First Amended Complaint (this "Complaint") against the Defendants, TROUP COUNTY, and DAN WOOTEN, and respectfully shows the Court as follows:

Counsel for Defendants has consented to this amendment in accordance with FRCP 15(a)(2). Because no new claims are added to this Complaint, Plaintiff waives Defendants' obligation to file a responsive pleading to this Complaint and will deem Defendants' prior Answer to apply to the allegations here, in the absence of a new answer or pleading by Defendants.

## JURISDICTION AND VENUE

1. Plaintiff's claims under the Fourteenth Amendment, which are actionable under 42 U.S.C. § 1983, present federal questions over which the Court has subject matter jurisdiction under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

2. This Court is a proper venue for Plaintiff's claims under 28 U.S.C. § 1391(b), because the Defendants reside in the Northern District of Georgia and because the unlawful conduct giving rise to the claims occurred in this District.

## THE PARTIES

3. Plaintiff is a resident of the Northern District of Georgia and is subject to this Court's jurisdiction. Plaintiff is a former employee of Troup County.

4. Defendant Dan Wooten is a resident of the Northern District of Georgia and is subject to this Court's jurisdiction. He may be served with process via personal service at his place of residence at 671 Newton Rd, Lagrange, Georgia 30240.

5. Defendant Troup County is a body existing pursuant to the Georgia Constitution, and is located within the Northern District of Georgia, subject to the jurisdiction of this Court. Troup County may be served with process by serving

County Manager Todd Tentler at 100 Ridley Avenue, Third Floor, LaGrange, Georgia 30240.

6. Intentionally Deleted.

## FACTUAL ALLEGATIONS

7. Plaintiff began working for Defendant Troup County on or about November 5, 2015.

8. Plaintiff's employment with Defendant ended on or about August 5, 2016.

9. Defendant Troup County hired Plaintiff as site manager at the Hogansville Senior Center to perform job duties which Plaintiff regarded as her "dream job" and entailed mostly taking care of elderly citizens in a recreational environment.

10. Defendant Dan Wooten, was the operations manager at the Troup County Hogansville Senior Center and Plaintiff's immediate supervisor.

11. Between January 10, 2016 and throughout the course of Plaintiff's employment Defendant Troup County engaged in unlawful employment practices at its place of business of business located at the Hogansville Senior Center.

12. Among other things, Defendant Dan Wooten subjected Plaintiff to a hostile work environment and invasion of privacy.

13. Specifically, Wooten manipulated the Defendant Troup County's security camera system to allow the surreptitious video surveillance of Plaintiff focusing the camera on her face, body, and chest, which created a hostile work environment and violated Plaintiff's right to privacy.

14. Plaintiff was informed the camera could be zoomed directly onto her. The camera was placed immediately above and opposite her desk.

15. Plaintiff's work required long hours of office duties which exposed her to nonconsensual and objectionable video recording and her fear of audio recording as well.

16. On or about January 15, 2016 Plaintiff complained to her supervisor, Dan Wooten, about the surveillance and explained that she expected him to respect her reasonable level of privacy at her office. Plaintiff specifically objected to having a camera recording her in video activated throughout the day pointing right at her and solely surveilling her activities.

17. Plaintiff did not handle large amounts of money or other valuable physical property, which might otherwise justify the need for constant video surveillance.

18. Mr. Wooten responded to Plaintiff's concerns laughing out loud and saying, "you would learn to like being a movie star".

19. On or about January 22, 2016 as the violation of her privacy continued, Plaintiff complained again to Dan Wooten.  He dismissed her request to remove the camera, and further told Plaintiff that he controlled "thirteen cameras from his iPad when he was not at his office", including the ability of "zooming into the camera" to see Plaintiff's desk.

20. On or about May 15, 2016, Plaintiff set out to remedy the situation by reporting the situation to supervisors at the County and contacting Don Howell, who was the Director of the Troup County Parks and Recreation Commission.

21. Mr. Howell conceded to Plaintiff that the monitoring activities singled out to her person were improper and commented that "there were only two places in the whole county that had cameras on any employees and that was at the jail and the courthouse".

22. Defendant Troup County failed and refused to take prompt and appropriate action to correct the severe and pervasive harassment and invasion of privacy and the resulting hostile environment.

23. Defendant's failure to prevent or correct Wooten's harassing conduct rendered Plaintiff's working condition objectively intolerable, making her resignation a reasonably foreseeable consequence of the hostile working environment.

24. Plaintiff continued to be subjected to the video recording of her activities at her desk, apparently zooming into her private areas, and possibly recording all personal audio conversations she conducted through her cell phone while at the office.

25. On August 5, 2016 in absence of any responsive action, Plaintiff contacted personnel at the Troup County Human Resources Department, to voice her concerns and demand the removal of the camera. The Troup County Human Resources Department refused to resolve Plaintiff's request to remove the camera and enjoin Mr. Wooten from abusing its application.

26. Due to Defendants' refusal to address or remedy the situation, Plaintiff resigned, as her workplace was intolerable. The Human Resources Department further directed Plaintiff to complete a written "exit interview" as pre-condition to receiving her last paycheck. Plaintiff explained in writing the reasons of her resignation and the incidence of the unauthorized camera surveillance.

27. The unlawful employment practices described in the paragraphs above resulted in the violation of Plaintiff's constitutional right to privacy and the constructive discharge of her employment.

28. The unlawful employment practices complained above were intentional, done with malice or reckless indifference to the state and federally

protected rights of Plaintiff to be free of employment discrimination or invasions of privacy.

## Governmental and Decision Maker Liability

29. The highest County official with authority to hire, fire, transfer, demote, promote, discipline, and take other personnel actions affecting employees of the County, including the Plaintiff, made, abetted or approved the hostile workplace conditions and violation of Plaintiff's constitutional right to privacy in this case.

30. The above-pled actions were neither subject to, nor required, higher review or approval. Their above-pled retaliation and hostile work environment which caused Plaintiff to resign were also not subject to appeal or reversal by any other official or entity.

31. Upon information and belief, Defendant Dan Wooten, and/or Troup County were the final decision makers with respect to each of the unlawful actions giving rise to this Complaint.

32. The individual Defendant, Dan Wooten, undertook all of the unlawful conduct giving rise to the Plaintiff's claims while in his role as supervisor, and acting under color of state and local law.

33. At all times material to this Complaint, it was clearly established law that subjecting a subordinate to a hostile working environment based upon gender violates the Equal Protection Clause under the United States Constitution.

34. Plaintiff put Defendant Troup County on notice of this claim in its letter dated May 19, 2017. The County responded on June 1, 2017 that if found "no basis for liability" thereby necessitating this lawsuit.

## COUNT I
### (Sexual Harassment and Retaliation Against Troup County Defendants - 42 U.S.C. § 1983)

35. Plaintiff repeats and incorporates by reference all of the allegations set forth above as if set forth fully herein.

36. The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution entitles Plaintiff to equal protection under the laws regardless of her gender.

37. Defendants violated Plaintiff's rights to equal protection by, among other things, subjecting her to a hostile working environment.

38. Defendants Troup County and the Troup County Hogansville Senior Center violated her rights to equal protection by taking adverse employment actions

against the Plaintiff for her refusal to acquiesce to her non-consensual video surveillance.

39. Defendant Troup County violated Plaintiff's rights to equal protection by failing to take reasonable preventative or corrective measures with respect to the unlawful harassing conduct.

40. The conduct of Defendants constitutes unlawful sexual harassment, based upon gender, in violation of the Equal Protection Clause.

41. Additionally, and in the alternative, Defendants' unlawful conduct constitutes sexual harassment culminating in an ultimate employment action against the Plaintiff.

42. Defendants undertook all of the unlawful conduct giving rise to the Plaintiff's claims while acting under color of State and local law.

43. Defendants' unlawful conduct violated the above-pled clearly established law.

44. As a direct and proximate result of all of the Defendants' actions, Plaintiff has suffered damages including emotional distress, inconvenience, loss of income and benefits, humiliation, and other indignities.

45. Defendants undertook their unlawful conduct intentionally and maliciously with respect to Plaintiff and her federally protected rights, entitling Plaintiff to recover punitive damages against them.

## COUNT TWO
### (Invasion of Privacy Under State Law Against All Defendants)

46. Plaintiff repeats and incorporates by reference all of the allegations set forth above as if set forth fully herein.

47. Plaintiff possessed a reasonable privacy interest in her reputation, character and activities.

48. Defendants intentionally intruded upon the solitude or seclusion of Plaintiff.

49. Defendant Wooten's intrusions by way of nonconsensual camera surveillance were highly offensive to an ordinary person.

50. Intentionally Deleted.

51. Defendant Wooten and Troup's human resources manager were aware or should have been aware that surveillance of Plaintiff would be highly offensive to an ordinary person.

52. Plaintiff did not consent to the intrusions or publicity of surveillance videos by Defendants.

53. Defendant Wooten's actions and/or inactions were done while employed with the Defendant Troup County, and in his role as supervsor.

54. Defendant Wooten's conduct was done with the participation, ratification, authority and consent of all Defendants.

55. As a result of Defendants' conduct, Plaintiff has suffered, and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; has sustained loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

### COUNT THREE
### (WITHDRAWN)

56. Intentionally Deleted

57. Intentionally Deleted

58. Intentionally Deleted

59. Intentionally Deleted

60. Intentionally Deleted

61. Intentionally Deleted

## COUNT FOUR
### (Torts of Negligent Retention)

62. Plaintiff repeats and incorporates by reference all of the allegations set forth above as if set forth fully herein.

63. Troup County and Troup County Hogansville Senior Center negligently retained Dan Wooten and other employees of Troup County with knowledge of Wooten's actions described herein.  In this regard, Defendants Troup County breached its duty to exercise ordinary care not to retain an employee they knew or should have known posed a risk of harm to others where it was reasonably foreseeable from the tendencies, propensities, and/or actions of the individual retained that he could cause harm to Plaintiff and/or others at Troup County and the Troup County Hogansville Senior Center.

64. Plaintiff has suffered damages from Defendants' tortious conduct, including economic, pecuniary and emotional distress damages.

## COUNT FIVE
## (WITHDRAWN)

65. Intentionally Deleted

66. Intentionally Deleted

67. Intentionally Deleted

## COUNT SIX
## (Aiding and Abetting Against County Defendants)

68. Plaintiff repeats and incorporates by reference all of the allegations set forth above as if set forth fully herein.

69. By encouraging and/or requesting Wooten to install and conduct the surveillance of Plaintiff on its facility, the Troup County, abetted, incited, compelled and/or coerced Wooten and interfered with Plaintiff's exercise of her enjoyment of rights.

70. As a result of Defendant's conduct, Plaintiff was harmed and continues to be harmed in that he has suffered economic loss, emotional distress, and damage to reputation, among other injuries.

## COUNT SEVEN
## (WITHDRAWN)

71. Intentionally Deleted

72. Intentionally Deleted

73. Intentionally Deleted

## COUNT EIGHT
## (Punitive Damages Against All Defendants)

74. Plaintiff repeats and incorporates by reference all of the allegations set forth above as if set forth fully herein.

75. The actions of Defendants in violating Plaintiff's privacy rights as described in the preceding paragraphs demonstrate such willful misconduct, malice, wantonness and entire want of care as to constitute conscious indifference to the consequences of said actions, thereby justifying an award of punitive damages.

## COUNT NINE
## (Attorney's Fees Against All Defendants)

76. Plaintiff repeats and incorporates by reference all of the allegations set forth above as if set forth fully herein.

77. Plaintiff shows it is necessary for her to hire an attorney in these proceedings and that Defendants should be required to pay Plaintiff's reasonable attorney's fees.

WHEREFORE, the Plaintiff prays:

A. That summons or process issue, and that the Defendant be served and required to answer, all as provided by law;

B. That the Plaintiff recover general damages against the Defendant, in an amount of not less than $250,000.00; as well as punitive damages in the amount of $250,000.00, or such greater sum as to the Court may seem just and proper;

C. That the Plaintiff have a trial by jury;

D. That the Plaintiff recover attorney's fees and costs;

E. That the Court grant the Plaintiff such other and further relief as to which the Court may seem just and proper.

Respectfully submitted this 22nd day of March 2018

By:  /s/  Howard P. Slomka, Esquire
Georgia Bar #652875
2859 Paces Ferry Rd. SE.
Suite 1700
Atlanta, Georgia 30339
*Attorney for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# NEWNAN DIVISION

| | | |
|---|---|---|
| SHEILA HOWINGTON | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 2017-00167-TCB |
| TROUP COUNY and | ) | |
| DAN WOOTEN | ) | JURY TRIAL DEMANDED |
| | ) | |
| *Defendants*. | ) | |
| | ) | |
| | ) | |

## SIGNATURE AND CERTIFICATE OF COMPLIANCE

I hereby certify that this brief has been prepared in compliance with N.D. Ga. L.R. 5.1B. The pleading has been prepared in Times Roman 14 point.

This 22nd day of March 2018

By:   /s/  Howard P. Slomka, Esquire
Georgia Bar #652875
2859 Paces Ferry Rd. SE.
Suite 1700
Atlanta, Georgia 30339
*Attorney for Plaintiff*